**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIAN DIXON, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| FIESTA RESTAURANT GROUP, INC., | ) | **FEDERAL SECURITIES LAWS** |
| STACEY RAUCH, NICHOLAS | ) | |
| DARAVIRAS, SHERRILL KAPLAN, | ) | JURY TRIAL DEMANDED |
| ANDREW RECHTSCHAFFEN, NICHOLAS | ) | |
| P. SHEPHERD, NIRMAL K. TRIPATHY, and | ) | |
| PAUL TWOHIG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Brian Dixon ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Fiesta Restaurant Group, Inc. ("Fiesta" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Authentic Restaurant Brands ("ARB"), a portfolio company of Garnett Station Partners, LLC ("GSP").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On August 6, 2023, Fiesta entered into an Agreement and Plan of Merger (the "Merger Agreement") with Fiesta Holdings, LLC ("Parent") and Fiesta Merger Sub, LLC ("Merger Sub").[2] The Merger Agreement provides that Fiesta stockholders will receive $8.50 in cash per share of Company common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the September 22, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] Parent and Merger Sub are each an affiliate of ARB and GSP.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for October 24, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Fiesta common stock.

10. Defendant Fiesta is a Delaware corporation with its principal executive offices located at 14800 Landmark Boulevard, Suite 500, Dallas, Texas 75254. Fiesta's shares trade on the Nasdaq Global Select Market under the ticker symbol "FRGI." Together with its subsidiaries, Fiesta owns, operates, and franchises fast-casual restaurants under the Pollo Tropical brand. The Company's Pollo Tropical restaurants offer fire-grilled and citrus marinated chicken, and other freshly prepared tropical inspired menu items. Fiesta owns Pollo Tropical restaurants in Florida and franchised Pollo Tropical restaurants in Puerto Rico, Panama, Guyana, Bahamas, Ecuador, and Florida.

11. Defendant Stacey Rauch is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Nicholas Daraviras ("Daraviras") is and has been a director of the Company at all times relevant hereto. Defendant Daraviras has been a Managing Director of the Company's largest stockholder since 2014.

13. Defendant Sherrill Kaplan is and has been a director of the Company at all times relevant hereto.

14. Defendant Andrew Rechtschaffen is and has been a director of the Company at all times relevant hereto.

15. Defendant Nicholas P. Shepherd is and has been a director of the Company at all times relevant hereto.

16. Defendant Nirmal K. Tripathy is and has been a director of the Company at all times relevant hereto.

17. Defendant Paul Twohig is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On August 7, 2023, ARB and the Company jointly announced in relevant part:

DALLAS & NEW YORK--(BUSINESS WIRE)-- Fiesta Restaurant Group, Inc. ("Fiesta" or the "Company") (NASDAQ: FRGI), parent company of the Pollo Tropical® restaurant brand, and Authentic Restaurant Brands ("ARB"), a portfolio company of Garnett Station Partners, LLC ("Garnett Station" or "GSP"), a New York-based principal investment firm, today announced that

they have entered into a definitive agreement under which a wholly owned subsidiary of ARB will acquire the Company in an all cash transaction.

ARB is a holding company with a portfolio of powerhouse, iconic regional food and beverage brands, with extraordinary customer brand loyalty and rich, authentic stories. Current brands include Primanti Bros Restaurant & Bar, P.J. Whelihan's Pub & Restaurant and Mambo Seafood. ARB is led by industry veterans including Chairman Alex Macedo and CEO Felipe Athayde. Upon closing the transaction, Fiesta will operate as a privately held company and Pollo Tropical will remain based in Miami, FL. Fiesta's leadership team will continue to operate Pollo Tropical as an independent brand within the ARB platform.

Under the terms of the definitive merger agreement, which has been unanimously approved by Fiesta's Board of Directors, Fiesta common stockholders will receive cash consideration of $8.50 per share.

"Our Board formed a Special Committee comprising independent directors that worked with outside advisors and conducted a comprehensive review of a wide range of strategic alternatives to maximize shareholder value," said Stacey Rauch, Fiesta's Chair of the Board of Directors. "The Special Committee and, ultimately, the full Fiesta Board of Directors, determined that this transaction delivers significant, immediate and certain value to Fiesta stockholders while providing Pollo Tropical the scale, resources and flexibility for continued success as part of a private company."

Dirk Montgomery, Fiesta Restaurant Group President and Chief Executive Officer, said, "The transaction validates the actions we have taken to position Pollo Tropical in our markets, enhance the guest experience and improve performance across our footprint. With this transaction, Fiesta will be better positioned financially and operationally to advance our mission of providing great food and hospitality to our guests. Garnett Station has a proven track record of successfully identifying and partnering with iconic, regionally focused brands to help accelerate their growth. We look forward to working closely with Alex, Felipe and the rest of the Garnett Station and ARB teams and to benefiting from their extensive restaurant, digital and analytical expertise as we focus on supporting the success of our brand, franchisees and people."

"We have been fans of Fiesta and their Pollo Tropical restaurants for some time," said Alex Macedo, Chairman of Authentic Restaurant Brands. "Pollo Tropical restaurants are a mainstay on the dining scene throughout Florida, and we are confident that ARB is a perfect partner to harness the power of the brand for the future."

"Fiesta and Pollo Tropical restaurants are a natural fit into ARB's existing portfolio," said Matt Perelman, Managing Partner and Co-Founder of Garnett

Station Partners. "Pollo Tropical restaurants have a storied heritage and a deep-rooted connection with their local communities that perfectly align with ARB's ethos and value proposition. ARB looks forward to working with Dirk and Fiesta's leadership."

**Transaction Details**

The transaction is expected to be completed in the fourth quarter of 2023 and is subject to approval by Fiesta's stockholders, expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, as well as other customary closing conditions. The definitive merger agreement also includes a 30-day "go shop" period that will allow the Company to affirmatively solicit alternative proposals from interested parties.

The transaction is not subject to a financing contingency and affiliates of Jefferies Financial Group Inc. and AREX Capital Management, LP and its affiliated investors, who together own or control approximately 30% of the Company's outstanding shares, have each entered into a voting agreement pursuant to which they have agreed, among other things, to vote their respective shares of common stock of Fiesta in favor of the transaction.

In a separate press release, Fiesta announced its results for the second quarter of 2023. The Company's earnings press release can be found on the Company's investor relations website at www.frgi.com/investor-relations. In connection with the transaction, Fiesta will not host an earnings conference call.

**Advisors**

Jefferies LLC is acting as lead financial advisor and Gibson, Dunn & Crutcher LLP is serving as legal counsel to Fiesta in connection with the proposed transaction. Houlihan Lokey Capital, Inc. is acting as financial advisor to the Special Committee of the Fiesta Board of Directors. Guggenheim Securities is serving as lead financial advisor and Kirkland & Ellis LLP is acting as legal counsel to ARB and Garnett Station. William Blair & Company, LLC also is serving as a financial advisor to the Board of Directors of ARB.

**The Materially Incomplete and Misleading Proxy Statement**

20. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 22, 2023 The Proxy Statement, which recommends that Fiesta stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading

information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), financial advisor to the special committee of the Board (the "Special Committee"); (c) potential conflicts of interest faced by the Company's financial advisor and Company insiders; and (d) the background of the Proposed Transaction.[4]

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the line items underlying the Company's forecasted Adjusted EBITDA and Unlevered Free Cash Flow.

22. The Proxy Statement further fails to disclose any of the changes or updates in the Company's financial forecasts that occurred during the process leading to the approval of the Merger Agreement and Proposed Transaction.[5]

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Houlihan Lokey*

23. The Proxy Statement fails to disclose material information concerning the

---

[4] The Company received financial advice from Jefferies LLC ("Jefferies") in connection with the Proposed Transaction. Jefferies is an affiliate of Jefferies Financial Group Inc. ("Jefferies Financial"). Jefferies Financial is Fiesta's largest stockholder, owning approximately 20.1% of the Company's outstanding shares.

[5] According to the Proxy Statement, "[o]n October 6, 2022, the Board met to discuss the Forecasted Financial Information, a preliminary draft of which was shared with representatives of Jefferies following the meeting." Proxy Statement at 32. Thereafter, "[o]n March 31, 2023, the Board met to discuss updates to the Forecasted Financial Information, which were approved (subject to minor adjustments) for Jefferies' use in April 2023." *Id.* at 33. The Proxy Statement, however, fails to disclose a summary of the Forecasted Financial Information reviewed at the October 6, 2022, Board meeting, or a summary of the changes made to arrive at the Forecasted Financial Information approved for Jefferies' use in April 2023 and subsequently used by Houlihan Lokey in connection with its fairness opinion. *See id.* at 34.

financial analyses prepared by Houlihan Lokey.

24. With respect to the *Discounted Cash Flow Analysis* performed by Houlihan Lokey, the Proxy Statement fails to disclose Fiesta's terminal values.

25. With respect to the *Selected Companies Analysis* performed by Houlihan Lokey, the Proxy Statement fails to disclose the respective, individual financial metrics for each of the companies selected and analyzed by the financial advisor. The Proxy Statement also fails to disclose the Company's LTM Adjusted EBITDA as utilized in connection with this analysis.

26. With respect to the *Selected Transactions Analysis* performed by Houlihan Lokey, the Proxy Statement fails to disclose the respective, individual financial metrics for each of the transactions selected and analyzed by the financial advisor. The Proxy Statement also fails to disclose the Company's LTM Adjusted EBITDA as utilized in connection with this analysis.

*Material Misrepresentations and/or Omissions Concerning Jefferies' and Company Insiders' Conflicts of Interest*

27. The Proxy Statement fails to disclose material information concerning potential conflicts of interest concerning Jefferies, including: (a) how much compensation Jefferies has received or will receive in connection with its engagement; (b) how much of Jefferies' compensation is contingent upon consummation of the Proposed Transaction; and (c) whether Jefferies has performed any services for Fiesta, GSP or their respective affiliates in the prior two years, and if so, a summary of the services performed and any compensation received in connection with such services.

28. The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of GSP's

proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

29. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including when the various standstill agreements entered into in connection with the process leading to the Merger Agreement expired and/or whether any such provisions remain in effect and are currently precluding any parties from submitting a topping bid.

30. Similarly, the Proxy Statement fails to disclose whether the confidentiality agreements into which the Company entered with potential strategic acquirors contain "don't ask, don't waive" standstill provisions currently precluding any party from submitting a topping bid for the Company.

31. The omission of the above-referenced information renders statements in the "Certain Unaudited Forecasted Financial Information," "Opinion of Financial Advisor to the Special Committee," "Interests of Fiesta's Directors and Executive Officers in the Merger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## **CLAIMS FOR RELIEF**

## **COUNT I**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Fiesta**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Fiesta is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Fiesta within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Fiesta and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

11

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

    A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

    B.    In the event defendants consummate the Proposed Transaction,

rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

    D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E.  Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  October 4, 2023        **LONG LAW, LLC**

                 By: */s/ Brian D. Long*
                    Brian D. Long (#4347)
                    3828 Kennett Pike, Suite 208
                    Wilmington, DE 19807
                    Telephone: (302) 729-9100
                    Email: BDLong@LongLawDE.com

                    *Attorneys for Plaintiff*